
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
DOLORES MURILLO HERRERA

ORIGINAL FILED

07 JUN 18 AM 10: 49

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
ND OF CA S.J.

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DOLORES MURILLO HERRERA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PARAMOUNT RECOVERY SERVICES, INC., an Ohio corporation, and FRANKLIN SCOTT CAUDILL, individually and in his official capacity,<br><br>　　　　Defendants. | Case No. C 07-03187 JW<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

　　　　Plaintiff, DOLORES MURILLO HERRERA (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

　　　　1.　　This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

　　　　2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, DOLORES MURILLO HERRERA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, PARAMOUNT RECOVERY SERVICES, INC. (hereinafter "PARAMOUNT"), is an Ohio corporation engaged in the business of collecting debts in this state with its principal place of business located at: 11041 Reading Road, 1st Floor, Sharonville, Ohio 45241-1983. PARAMOUNT may be served as follows: Paramount Recovery Services, Inc., c/o Franklin Scott Caudill, Registered Agent, 7861 Birchwood Court, Mason, Ohio 45040-6902. The principal purpose of PARAMOUNT is the collection of debts using the mails and telephone, and PARAMOUNT regularly attempts to collect debts alleged to be due another. PARAMOUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, FRANKLIN SCOTT CAUDILL (hereinafter "CAUDILL"), is a natural person and is or was an employee, agent, officer and/or director of PARAMOUNT at all

1  relevant times. CAUDILL may be served at his current business address at: Franklin Scott Caudill,
2  Paramount Recovery Services, Inc., 11041 Reading Road, 1st Floor, Sharonville, Ohio 45241-1983
3  and at his residence address at: Franklin Scott Caudill, 7861 Birchwood Court, Mason, Ohio
4  45040-6902. CAUDILL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal.
5  Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that CAUDILL is
6  liable for the acts of PARAMOUNT because he sets and approves PARAMOUNT collection
7  policies, practices, procedures, and he directed the unlawful activities described herein.
8      9.   At all times herein mentioned, each of the Defendants was an officer, director,
9  agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all
10 said times, each Defendant was acting in the full course and scope of said office, directorship,
11 agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without
12 further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

14     10.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
15 a financial obligation (hereinafter "the alleged debt"). The alleged debt was incurred primarily for
16 personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C.
17 § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).
18     11.   Sometime thereafter on a date unknown to Plaintiff, the alleged debt was
19 consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.
20     12.   On or about February 27, 2007, Defendants' employee recorded the following
21 message on Plaintiff's answering machine:

> Hi, this message is for Dolores Ferrera. My name is Miss Cauldwell. I'm calling with the legal department at Paramount. I need you to return my call as soon as possible today regarding a pending case recently filed in my office. Case number 172003. You can reach me at toll-free, 1-877-336-6577, extension 29. Please refer to your case number, which is 172003. Thank you and have a good day.

25     13.   On or about March 3, 2007, Defendants' employee recorded the following
26 message on Plaintiff's answering machine:

> Hi, this message is for Dolores Herrera. Miss Herrera, my name is Miss Cauldwell. I'm calling with the legal department at Paramount. I'm needing to contact you today as soon as possible regarding a pending case filed in my office for Santa Clara

County. Um . . . the case was forwarded to me. I was asked to review this and finalize the paperwork. I would like to speak with you regarding this case beforehand. Please contact me back today as soon as possible. You can reach me at toll-free, 1-877-336-6577, extension 26. And I'll need you to reference case number 172003. Thank you and have a good day.

14. On or about March 19, 2007, Defendants' employee recorded the following message on Plaintiff's answering machine:

This message is for Dolores Herrera. Miss Herrera, this is Miss Flint with Paramount. It's important you return my call today regarding case number 172003. You can reach me today until 5 p.m., Eastern Standard Time, at 877-336-6577. My direct extension is 12. Thank you.

15. On or about March 20, 2007, Defendants' employee recorded the following message on Plaintiff's answering machine:

This message is for Dolores . . . Dolores Herrera. Ms. Herrera, this is Miss Flint, contacting you with Paramount, concerning case number 172003. It's important you return my call regarding pending paperwork in my office through Santa Clara County. You can reach me today until 7 p.m. Eastern Time at 877-336-6577. My direct extension is 12. Thank you.

16. On or about March 28, 2007, Defendants' employee recorded the following message on Plaintiff's answering machine:

Hi. This message is for Dolores Herrera. Ms. Herrera this is Miss Goodwin with Paramount. I'm calling you in reference to the complaint that's been filed here in my office for you through Santa Clara County on case number 172003. Ms. Hernandez, er, Herrera, we have been trying to reach you by phone and mail for some time now. Due to all failed attempts to contact you, uh, my client has requested that we do go ahead and sign off on the recommendation to proceed with this claim. Before I do so, Ms. Herrera, I would like to speak with you in regards to this matter and see what we can do to resolve this. If you can contact my office today, you can reach me directly at 877-336-6577, extension 32.

17. Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Defendants' employees failed to disclose Defendants' identity and the nature of Defendants' business in each of their answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

19. Defendants failed to disclose that their answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v.*

*M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

20. Defendants' answering machine messages falsely represented or implied that they were from a legal department.

21. Defendants' answering machine messages falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

22. Defendants' answering machine messages were designed and intended to instill a false sense of urgency in the listener.

23. Defendants' answering machine messages represented or implied false threats of an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23 above.

26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant, PARAMOUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. Defendant, CAUDILL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

30. Defendants' answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6);

b. Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendants falsely represented or implied that the communications were from a legal department, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d. Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

e. Defendants' communications were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

f. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

g. Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

31. Defendants have further violated the FDCPA in the following respects:

a. Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of 15 U.S.C. § 1692g(a)(1);

b. Defendants failed to send Plaintiff a written notice containing a statement of the name of the creditor to whom the alleged debt is owed, in violation of 15 U.S.C. § 1692g(a)(2);

c. Defendants failed to send Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of 15

U.S.C. § 1692g(a)(3);

　　　d.　　Defendants failed to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and,

　　　e.　　Defendants failed to send Plaintiff a written notice containing a statement that upon the Plaintiff's written request, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

32.　　Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33.　　As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34.　　Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35.　　Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33 above.

36.　　Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37.　　Defendant, PARAMOUNT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38.　　Defendant, CAUDILL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39.　　The financial obligation allegedly owed by Plaintiff is a "consumer debt" as

that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

40. Defendants' answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

b. Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

c. Defendants falsely represented or implied that the communications were from a legal department, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.13(h) and 1788.13(i);

d. Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

e. Defendants' communications were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

f. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(i); and

g. Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), as

incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j).

41. Defendants have further violated the FDCPA in the following respects:

    a. Defendants failed to send Plaintiff a written notice containing a statement of the amount of the debt being collected, in violation of 15 U.S.C. § 1692g(a)(1), as incorporated by Cal. Civil Code § 1788.17;

    b. Defendants failed to send Plaintiff a written notice containing a statement of the name of the creditor to whom the alleged debt is owed, in violation of 15 U.S.C. § 1692g(a)(2), as incorporated by Cal. Civil Code § 1788.17;

    c. Defendants failed to send Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants, in violation of 15 U.S.C. § 1692g(a)(3), as incorporated by Cal. Civil Code § 1788.17;

    d. Defendants failed to send Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and,

    e. Defendants failed to send Plaintiff a written notice containing a statement that upon the Plaintiff's written request, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

42. Defendants' acts as described above were done willfully and knowingly with

the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

45.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10) and 1692e(11);

c. Declare that Defendants' answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.13(h), 1788.13(i), 1788.13(j) and 1788.17;

d. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g;

e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

-10-
COMPLAINT

$1,000 pursuant to Cal. Civil Code § 1788.30(b);

g. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

h. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

i. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
DOLORES MURILLO HERRERA

### **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DOLORES MURILLO HERRERA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.